UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------- x **INFANT COMPROMISE**
**ORDER**

CYNTHIA ARNAU, Armando Vasquez, as Father and
Natural Guardian of Mark Anthony Vasquez, an infant          08 Civ 10299 (VM)(JCF)
under the age of eighteen years, and JASMINE
THOMPSON,

                                          Plaintiff,

-against-

CITY OF NEW YORK; DETECTIVE BRIAN FLEMING,
Shield No. 2646, Individually and in his Official Capacity
and P.O.'s "JOHN DOE" # 1-10, Individually and in their
Official Capacity,

                              Defendants.

------------------------------------------------------------------------- x

JASMINE THOMPSON, CYNTHIA ARNAU, Armando
Vasquez, as Father and Natural Guardian of Mark Anthony
Vasquez, an infant under the age of eighteen years,

                                          Plaintiffs,

-against-

CITY OF NEW YORK; DETECTIVE BRIAN FLEMING,
Shield No. 2646, Individually and in his Official Capacity;
DETECTIVE CHRISTIAN McBREARTY, Shield No.
7985, Individually and in his Official Capacity; and P.O.'s
"JOHN DOE" # 1-10, Individually and in their Official
Capacity,

                              Defendants.

------------------------------------------------------------------------- x

> USDS SDNY
> DOCUMENT
> ELECTRONICALLY FILED
> DOC #: _____
> DATE FILED: _11 - 10 - 09_

        The parties having agreed to the settlement of the infant plaintiff's claims in the

above-captioned cases for the total sum of Eight Thousand ($8,000.00) Dollars and it appearing

- 9 -

that the best interests of the infant will be served by said settlement, and that the infant was born on the 28th day of May, 1995; and

It appearing that all prerequisites of N.Y. C.P.L.R. § 1207 and 1208 have been met, for good cause having been shown to dispense with any particular requirement of New York State Law, pursuant to Local Civil Rule 83.2 of the United States District Court for the Southern District of New York,

**NOW**, on motion of Joshua Fitch, Esq., attorney for Plaintiff, it is hereby:

**ORDERED,** that Armando Vasquez, father and natural guardian of the infant petitioner, be and hereby is authorized as empowered to settle and compromise the action herein in favor of the infant plaintiff, MARK ANTHONY VASQUEZ, against defendants for the total sum of Eight Thousand ($8,000.00) Dollars and to execute and deliver a General Release, an Affidavit of Status of Liens, and a settlement agreement to effect such compromise, and to sign all papers necessary in that connection; and it is further

**ORDERED,** that the defendant City of New York is authorized and directed to issue one check in the amount of Eight Thousand ($8,000.00) Dollars payable to: "Cohen & Fitch, LLP, and Armando Vasquez, as father and natural guardian of Mark Anthony Vasquez, an infant under eighteen years of age;" and it is further

**ORDERED,** out of the said sum of Eight Thousand ($8,000.00) Dollars, the sum of Two Thousand Five Hundred Thirty Three Dollars and 91/100 ($2,533.91) be distributed to Cohen & Fitch, LLP, attorneys for the infant plaintiff, in full payment for attorneys' fees; and it is further

**ORDERED,** out of said sum of Eight Thousand ($8,000.00) Dollars, the sum of Three Hundred Ninety-Eight Dollars and 28/100 ($398.28) be distributed to Cohen & Fitch,

LLP, attorneys for the infant plaintiff, in full payment for disbursements incurred in the prosecution of these claims; and it is further

**ORDERED,** that the balance of the settlement, to wit: the sum of Five Thousand Sixty-Seven and 81/100 ($5,067.81) Dollars be distributed to Armando Vasquez, as father and natural guardian of MARK ANTHONY VASQUEZ, the infant plaintiff, jointly with an officer of CAPITAL ONE BANK located at 1999 First Avenue (103rd Street), New York, New York 10029, which account is for the sole use and benefit of said infant, MARK ANTHONY VASQUEZ, to be deposited in said bank account in the guardian's name in trust for the said infant in an account upon the following conditions: (a) said account shall be fully insured at all times, (b) said amount shall be deposited in an account having the highest yield irrespective of whether it be a savings account, Certificate of Deposit, or other form of time deposit, the date of maturity of said deposit shall not extend beyond the date when said infant attains the age of eighteen (18) years, and upon maturity of said deposits, said funds shall continue to draw interest at the highest available yield, and (d) no withdrawal from said account shall be permitted until the infant plaintiff reaches the age of eighteen (18) years, except upon further order of this Court; and it is further

**ORDERED,** that the said bank shall, upon said infant's demand therefore, and without further order of this Court, pay over to said infant when he reaches the age of eighteen (18) years, all monies held upon presentation of proper proof; and it is further

**ORDERED,** that all claims are resolved by this settlement.

**IT IS FURTHER ORDERED AND ADJUDGED,** that upon presentation of completed forms for future estimated Federal and State income taxes, together with its

- 11 -

passbook, the depository will issue drafts payable to the Internal Revenue Service and the

New York State Tax Commission in payment of such taxes for the infant only.

SO ORDERED: *10 November 2009*

Victor J. Marrero, U.S.D.J.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------- x **AFFIRMATION OF**
                                                                       **JOSHUA FITCH**

CYNTHIA ARNAU, Armando Vasquez, as Father and
Natural Guardian of Mark Anthony Vasquez, an infant        08 Civ 10299 (VM)(JCF)
under the age of eighteen years, and JASMINE
THOMPSON,

                            Plaintiff,

                -against-

CITY OF NEW YORK; DETECTIVE BRIAN FLEMING,
Shield No. 2646, Individually and in his Official Capacity
and P.O.'s "JOHN DOE" # 1-10, Individually and in their
Official Capacity,

                            Defendants.

-------------------------------------------------------------------- x

JASMINE THOMPSON, CYNTHIA ARNAU, and
Armando Vasquez, as Father and Natural Guardian of
Mark Anthony Vasquez, an infant under the age of
eighteen years,

                            Plaintiffs,

                -against-

CITY OF NEW YORK; DETECTIVE BRIAN FLEMING,
Shield No. 2646, Individually and in his Official Capacity;
DETECTIVE CHRISTIAN McBREARTY, Shield No.
7985, Individually and in his Official Capacity; and P.O.'s
"JOHN DOE" # 1-10, Individually and in their Official
Capacity,

                            Defendants.

-------------------------------------------------------------------- x

                Joshua Fitch, Esq., being duly admitted to practice in and before the Courts of the

State of New York, and being duly admitted to practice law in and before this Court, and being

duly aware of the sanctions that may be imposed for the violation of the Rules of this Court,

- 3 -

affirms under penalty of law and under threat of sanction by this Court for the violation of its Rules as follows:

      1.      I am a member of the firm of Cohen & Fitch, LLP, attorneys for the infant plaintiff Mark Anthony Vasquez in connection with the above-captioned litigations.

      2.      The above-captioned litigations arise out of: a) the alleged wrongful execution of a search warrant on June 12, 2007 at 1954 First Avenue, Apartment 9T, New York, New York, where, at such time, plaintiff Mark Anthony Vasquez was residing with his mother, plaintiff Cynthia Arnau; and b) the alleged wrongful execution of a search warrant on February 22, 2008 at 1954 First Avenue, Apartment 9T, New York, New York, where, at such time, the infant plaintiff MARK ANTHONY VASQUEZ was visiting his mother, plaintiff Cynthia Arnau.

      3.      The infant plaintiff MARK ANTHONY VASQUEZ is fourteen (14) years old. He was born on May 28, 1995.

      4.      The infant plaintiff MARK ANTHONY VASQUEZ currently resides with his father and natural guardian, Armando Vasquez, at 3421 77th Street, Apt. # 509, Jackson Heights, New York, 11372.

      5.      After settlement discussions between counsel for the defendants and plaintiffs' counsel, an agreement was reached to resolve both the above-captioned litigations for a total amount of Eight Thousand ($8,000.00) Dollars for the infant plaintiff MARK ANTHONY VASQUEZ.

      6.      As counsel for the infant plaintiff MARK ANTHONY VASQUEZ, I have recommended the settlement given the circumstances of the incidents giving rise to the above-captioned litigations and the nature and extent of the injuries alleged to have been sustained and suffered by the infant plaintiff MARK ANTHONY VASQUEZ.

- 4 -

7.      The father and natural guardian of the infant plaintiff MARK ANTHONY VASQUEZ, Armando Vasquez, has given his consent to the settlement of the above-captioned cases for his minor child.

8.      On or about October 1, 2008, the legal services of the law firm of Cohen & Fitch, LLP were retained by CYNTHIA ARNAU, the infant plaintiff MARK ANTHONY VASQUEZ'S mother, whereby the law firm of Cohen & Fitch, LLP was to receive a contingency fee of thirty-three and one-third percent (33 1/3 %) after costs are deducted from any net recovery, whether it be by suit settlement or otherwise.

9.      Following the law firm of Cohen & Fitch, LLP's investigation of the incident; the plaintiff's convenience; evaluation of the infant's damages by the defendants; and protracted negotiations between the parties, the defendants have agreed to settle the infant plaintiff MARK ANTHONY VASQUEZ'S claims for the total sum of Eight Thousand ($8,000.00) Dollars, and the infant plaintiff MARK ANTHONY VASQUEZ wishes to accept the proposed settlement.

10.      I recommend the proposed settlement and request that this Honorable Court approve of said settlement compromise offer, in view of the fact that the infant plaintiff, MARK ANTHONY VASQUEZ, did not sustain any significant physical injuries during the incident, and has not suffered from any permanent mental or emotional damage; the defendants City of New York, Detective Brian Fleming, and Detective Christian McBrearty, deny any liability or responsibility for the incident, and the plaintiff may have some difficulty proving that the alleged acts of the officers were done as a part of a pattern and practice of the defendant City of New York; that the defendant officers claim that they had probable cause to detain the infant plaintiff; that the defendant officers claim they are protected by the doctrine of qualified

- 5 -

immunity; that there is a real risk that the issue of liability may not be resolved in the plaintiff's favor prior to, or at the time of, the trial of this action.

11.     That the law firm of Cohen & Fitch, LLP has made the following disbursements with respect to this matter:

> A.     Southern District of New York, Summons and Complaint docketing fee - $311.16 (representing 44.45%[1] of the total docketing fee of $700.00);
>
> B.     Process Server filing and service fees - $87.12 (representing 44.45% of the total process server filing fee of $196.00).

12.     Pursuant to the terms of the aforementioned retainer agreement, the infant plaintiff, MARK ANTHONY VASQUEZ, shall receive the sum of Five Thousand Sixty-Seven Dollars and 81/100 ($5,067.81), which is sixty-six and two-thirds percent (66 2/3%) of the sum of Eight Thousand ($8,000.00) Dollars, after costs of $392.28 are deducted.

13.     The sum of Two Thousand Five Hundred Thirty-Three and 91/100 ($2,533.91), which is thirty-three and one-third (33 1/3%) of the sum of Seven Thousand Six Hundred and One Dollars and 72/100 ($7,601.72), plus the sum of $398.28, representing the above-referenced disbursements expended on the matter by the law firm of Cohen & Fitch, LLP, for a total of Two Thousand Nine Hundred Thirty-Two Dollars and 19/100 ($2,932.19), will be disbursed by plaintiff to the Law Firm of Cohen & Fitch, LLP, counsel for infant plaintiff MARK ANTHONY VASQUEZ.

---

[1] The total settlement amount in these consolidated matters is Eighteen Thousand ($18,000.00) Dollars and, pursuant to the Settlement Agreement, plaintiffs Thompson and Vasquez are to receive Eight Thousand ($8,000.00) each and plaintiff Arnau is to receive Two Thousand ($2,000.00) Dollars. As such, the costs and disbursements are divided amongst the plaintiffs according to their percentage share of the total settlement amount.

14.     Neither I nor my law firm has become concerned, directly or indirectly in the settlement of this claim at the instance of a party or person opposing, or with interest adverse to the infant plaintiff, nor will we receive any compensation from such party.

15.     The services rendered by your affirmant's law firm in pursuit of the infant plaintiff MARK ANTHONY VASQUEZ's claims and rights include but are not limited to:

>   A.     Full investigation of the incident and the circumstances surrounding the incident;
>
>   B.     Performing legal research regarding the merits of the claim;
>
>   C.     Preparing and filing a Summons and Complaint in this action on November 25, 2008;
>
>   D.     Drafting the plaintiff's mandatory disclosure statement;
>
>   E.     Providing the plaintiff with necessary unsealing authorizations;
>
>   F.     Drafting discovery demands and interrogatories;
>
>   G.     Drafting responses to defendants' discovery demands and interrogatories;
>
>   H.     Attending Court Conferences;
>
>   I.     Attending the deposition of plaintiff Cynthia Arnau;
>
>   J.     Negotiating settlement with the defendants' attorney(s) in the sum of Eight Thousand ($8,000.00) Dollars, upon approval of this Honorable Court;
>
>   K.     Once the Compromise is approved by this Honorable Court, your affirmant will ensure that the plaintiff's guardian executes the General Release and an Affidavit of Status of Liens, and will arrange for the disposition of the settlement monies.

16.     Given all of the factors and circumstances of the above-captioned litigations including the issues related to liability and the issues related to the nature and extent of the damages, I believe the settlement sum is reasonable and I have advised the father of the

infant plaintiff MARK ANTHONY VASQUEZ that, if such is acceptable to them, it is a reasonable settlement. No previous application has been made to this or any other Court for the relief prayed for.

**WHEREFORE**, it is respectfully requested that this Honorable Court approve the proposed settlement, authorizing ARMANDO VASQUEZ, the father and natural guardian of the infant plaintiff MARK ANTHONY VASQUEZ, to settle the claim of the infant plaintiff MARK ANTHONY VASQUEZ, and release the defendants from any further liability to the infant plaintiff MARK ANTHONY VASQUEZ, and for such other and further relief that this Honorable Court may deem just, proper, and equitable.

DATED:     New York, New York
           November  9 , 2009

Respectfully submitted,

Joshua Fitch, Esq.
Cohen & Fitch LLP
225 Broadway, Suite 2700
New York, New York 10007